# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 22, 2010

Lyle W. Cayce
Clerk

No. 09-50679
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSVALDO VASQUEZ-OCHOA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-865-1

Before JOLLY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Osvaldo Vasquez-Ochoa appeals the 46-month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. Vasquez-Ochoa argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a) and that he should have been sentenced below the guidelines range. He contends that the guidelines sentencing range was too severe because U.S.S.G. § 2L1.2 is not empirically based and resulted in the double counting of his prior aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assault conviction.  He also argues that the guidelines sentencing range did not accurately reflect the seriousness of his offense and failed to account for his motive for reentering and his cultural assimilation.

Vasquez-Ochoa's empirical data argument is foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  We have also previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable.  *See Duarte*, 569 F.3d at 529-31; *see also* U.S.S.G. § 2L1.2, comment. (n.6).

Vasquez-Ochoa's assertions regarding the seriousness of his offense, his personal history and characteristics, and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).  Accordingly, the district court's judgment is AFFIRMED.